IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY ECONOMOS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-271 |
| | : | |
| THE SCOTTS COMPANY | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                                                       November 22, 2005

        In this action, Plaintiff Kelly Economos ("Plaintiff") brings claims alleging sexual discrimination and pregnancy discrimination[1], in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., ("Title VII") (Count 1); retaliation, in violation of Title VII (Count II); sexual discrimination and pregnancy discrimination, in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., ("PHRA") (Count III); and, retaliation in violation of the PHRA (Count IV), against The Scotts Company ("Defendant"). The Complaint seeks damages, attorney's fees, costs and an order reinstating Plaintiff to her position with Defendant. Currently before the Court is Defendant's Consolidated Motion to Dismiss Plaintiff's Claims of Pregnancy Discrimination, To Dismiss Plaintiff's State Law Claims and to Strike Plaintiff's Jury Demand of Her State Law Claims ("Motion to Dismiss"). For the reasons stated below, the Motion to Dismiss will be granted in part and denied in part.

---

[1] Plaintiff uses the terms "pregnancy discrimination" and "pregnancy harassment" interchangeably throughout her briefs. The Court will use the term "pregnancy discrimination" to refer to all claims of pregnancy harassment or discrimination brought by Plaintiff.

## I. BACKGROUND

Plaintiff, a dispatcher in Defendant's Customer Care Service department, became pregnant in July 2002. Complaint ¶ 11. She informed her supervisor, Joe Ambruso ("Ambruso"), about the pregnancy in September 2002. Id. Thereafter, she suffered continuous harassment and intimidation, which included derogatory remarks from Ambruso about Plaintiff and her pregnancy in front of other staff members. Id. ¶¶ 12, 13. Plaintiff gave birth on May 6, 2003. Id. ¶ 16. After seven weeks maternity leave, she returned to work at the end of June 2003. Id. ¶¶ 17, 18.

On May 12, 2004, Ambruso informed Plaintiff that she would need to begin working mandatory overtime for a total of 55-60 hours a week. Id. ¶ 23. Plaintiff responded that her childcare situation would make it difficult for her to work substantial overtime. Ambruso then suggested that she find another job. Id. ¶¶ 24, 25. On May 14, 2004, Ambruso gave Plaintiff a mandatory overtime schedule of 55 hours a week. Id. ¶ 30.

Plaintiff complained to Ambruso's supervisor that she was given mandatory overtime but the male dispatchers were not. Id. ¶ 31. Ambruso's supervisor took no action. Id. On May 18, 2004, Plaintiff brought her complaint to Defendant's human resources department, informing them that she had been threatened with termination if she did not agree to the mandatory overtime. Id. ¶ 32. Immediately thereafter, Ambruso suspended Plaintiff and on May 20, 2004, terminated her employment. Id. ¶ 33, 34. On June 2, 2004, Plaintiff filed discrimination and retaliation claims with the EEOC and Pennsylvania Human Relations Commission ("PHRC"). On December 2, 2004, Plaintiff received a right to sue notice from the EEOC and on January 20, 2005, she filed the Complaint currently before this Court. Defendant brings this 12(b)6 Motion

to Dismiss arguing that: (1) Plaintiff failed to exhaust her administrative remedies as to her pregnancy discrimination claims; and, (2) Plaintiff failed to exhaust her administrative remedies as to her state law claims under the PHRA since she did not receive a right to sue notice from the PHRC prior to filing the Complaint.

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts provable by plaintiff. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III. DISCUSSION

### A. Pregnancy Discrimination Claims

In Counts One and Three of the Complaint, Plaintiff alleges that she was discriminated against by Defendant on the basis of her sex, in violation of Title VII and the PHRA. Plaintiff claims that the discrimination took two forms: one based on her gender alone and the other based on her pregnancy. Title VII, as amended in 1978 by the Pregnancy Discrimination Act, provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes . . . as other persons not so affected but similar in their

ability or inability to work." 42 U.S.C. § 2000e(k).[2]

A plaintiff cannot bring a civil lawsuit under Title VII or the PHRA without first exhausting her administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997); Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 671 (E.D. Pa. 2004); Zezulewicz v. Port Auth. of Allegheny County, 290 F. Supp. 2d 583, 590 (W.D. Pa. 2003) (citation omitted). Pursuant to 42 U.S.C. § 2005e-5(e), a claimant must file an administrative charge "within three hundred days after the allegedly unlawful employment practice occurred." Under the PHRA, a claim must be brought within "180 days from the occurrence of the alleged unlawful discriminatory practice." 16 Pa. Code § 42.14. Plaintiff admits that her claim of pregnancy discrimination was not presented to either administrative body within the required time. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opposition") at 5. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's claims of pregnancy discrimination asserted in Counts One and Three of the Complaint.[3]

B. Retaliation Claims

Defendant also moves for the dismissal of Plaintiff's retaliation claims, Motion to Dismiss ¶¶ 3, 4, but fails to offer any argument in support of such a motion. Accordingly,

---

[2] The Court will limit its discussion to Title VII because the state law standards and considerations are identical. Knabe v. Boury Corp., 114 F.3d 407, 410 n. 5 (3d Cir. 1997)("Employer liability under the [PHRA] follows the standards set out for employer liability under Title VII."); Solomen v. Redwood Advisory Co., 183 F. Supp 2d 748, 751 (E.D. Pa. 2002).

[3] Counts One and Three also assert sex discrimination claims independent of the pregnancy discrimination claims.

Defendant's motion to dismiss Plaintiff's claims of retaliation will be denied.[4]

### C. Right to Sue Notice

Defendant argues that Plaintiff's state law claims must be dismissed since they were filed prior to her receipt of a right to sue notice from the PHRC.[5]  Motion to Dismiss at 5.  However, on April 29, 2005, while this motion was pending, the PHRC issued Plaintiff a right to sue notice.  Plaintiff's Sur-Reply to Defendant's Motion to Dismiss, Exhibit A.  Accordingly, Defendant's motion to dismiss Plaintiff's state law claims will be denied.

### IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendant's Motion to Dismiss.  An appropriate Order follows.

---

[4] See Griffiths v. CIGNA Corp., 988 F.2d 457, 468 (3d Cir. 1993) ("[A] plaintiff need not prove the merits of the underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed."); see also Aman v. Cort Furniture Rental Corp, 85 F.3d 1074, 1085 (3d Cir 1996); Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994).

[5] Plaintiff received a right to sue notice from the EEOC on December 2, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY ECONOMOS** | : | **CIVIL ACTION** |
| v. | : | NO. 05-CV-271 |
| **THE SCOTTS COMPANY** | : | |

**ORDER**

**AND NOW**, this   22nd   day of November, 2005, upon consideration of Defendant's Motion to Dismiss (docket no. 2), and the responses thereto, it is **ORDERED** that:

1. The motion to dismiss Plaintiff's claims of pregnancy discrimination asserted in Counts One and Three of the Complaint is **GRANTED.**

2. The motion to dismiss Plaintiff's claims of retaliation is **DENIED.**

3. The motion to dismiss Plaintiff's state law claims is **DENIED**.

It is **FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's request for a jury trial on her state law claims is **GRANTED**.[6]

BY THE COURT:

/s/Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.

---

[6] In the Opposition, Plaintiff agrees that her PHRA claims "are nit [sic] subject to a jury trial, and as such would be tried non-jury before the Court."